IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Derrick Anthony Hilliard (#2014-0614197), <br><br> Plaintiff, <br><br> v. <br><br> City of Chicago, et al., <br><br> Defendants. | Case No. 19 C 0215 <br><br> Judge John J. Tharp, Jr. |

**ORDER**

Plaintiff Dereck Hilliad's amended complaint presents no federal claims on which this Court can grant relief. *See* 28 U.S.C. § 1915A. The amended complaint [6] and this case are dismissed. To the extent Hilliard seeks to assert state-law claims, those claims are dismissed without prejudice to him bringing them in state court. Civil case terminated.

**STATEMENT**

Currently before the Court is Plaintiff Dereck Hilliard's amended 42 U.S.C. § 1983 civil rights complaint. He again names as Defendants: Chicago Police Officers M.M. Mitchell, C.J. Barango, P.O. Kerr, and E.F. Hurley, and Police Detective Edward McCarthy. Like his original complaint, Hilliard describes the events leading up to him being arrested and charged with murder and unlawful use of a weapon in June of 2014. (Dkt. 6, pg. 4-13.) Hilliard was acquitted of murder in October of 2018. He remains incarcerated for the unlawful use of a weapon charge.

As explained in the Court's prior order, 28 U.S.C. § 1915A requires district courts to screen a prisoner's complaint and dismiss it if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). At the § 1915A screening stage, courts "accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), "draw all reasonable inferences from those facts in favor of the plaintiff," *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), and construe *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nevertheless, if a plaintiff pleads facts demonstrating that he has no valid claim for relief, a court should dismiss the complaint. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

Hilliard states he was charged with and acquitted of the murder of Jamal Harmon, who was found dead on the morning of October 6, 2013. (*Id.* at 4.) On October 5, 2013, Hilliard hosted a pajama party for his birthday, which Harmon attended. Officers interviewed other attendees of the party, none of whom indicated Hilliard had anything to do with Harmon's death. (*Id.* at 4, 6.)

In April of 2014, according to Hilliard, Detective McCarthy impermissibly interviewed 17-year old suspect Carl Allen without his mother present. (*Id.* at 6, 8.) Although Allen named several people allegedly involved with shooting Harmon, Hilliard was the only one investigated. (*Id.*) At that time, on April 29 ,2014, Detective McCarthy changed a no-probable-cause investigative alert that had been issued for Hilliard to a probable-cause investigative alert. No warrant was obtained from a judge, even though there was sufficient time to do so. (*Id.* at 8.) Hilliard was arrested on June 12, 2014 based on the investigative alert. (*Id.* at 10.) Hilliard states that, after he was handcuffed and placed in the back of a police vehicle, Officers Barango and Kerr used Hilliard's keys to open and search his car where a gun was found "in a black drawstring bag inside the passenger door panel." (*Id.* at 11-12.) Hilliard states he was charged with both murder and unlawful use of a weapon, and bond was denied for both charges. (*Id.* at 8-9.) Both McCarthy and Allen testified at Hilliard's murder trial and, according to Hilliard, neither was credible. In October of 2018, Hilliard was found not guilty of murder. He "still is incarcerated for UUW (unlawful use of a weapon) poss/firearm because of defendant['s] investigative alert." (*Id.* at 8.) He states his incarceration has caused him much stress and depression, particularly since he has been kept in the maximum security area of the jail. (*Id.* at 12-13.) Hilliard seeks compensation for the four and one-half years he was incarcerated for the murder charge. (*Id.* at 8.)

Although Hilliard does not specify the claims he seeks to bring (and he is not required to do so at this stage), his allegations describe the following claims: false arrest, illegal search, and constitutional and state-law claims of malicious prosecution.

Hilliard's false arrest and an unlawful search claims are clearly time-barred. The statute of limitations for § 1983 claims in Illinois is two years. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009) (citing 735 ILCS 5/13-202); *see also Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Hilliard was arrested and his car was searched in June of 2014. At that time, he could have "plead[ed] all the elements" of those claims. *Brooks*, 564 F.3d at 832.

Hilliard apparently waited until after he was acquitted of murder to bring his claims. His pending criminal case, however, did not toll the limitations period for his false arrest and illegal search claims. *Wallace v. Kato*, 549 U.S. 384, 391-92 (2007) (the limitations period for a false arrest claim is not tolled during the subsequent incarceration); *Heck v. Humphrey*, 512 U.S. 477, 487, n.7 (1994) ("a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction"); *Johnson v. Winstead*, 900 F.3d 428, 436–37 (7th Cir. 2018); *Causey v. Indianapolis Police Dep't*, No. 17-cv-4336, 2017 WL 6345540, at *2 (S.D. Ind. Dec. 12, 2017). Even if Hilliard could not have litigated these claims while his criminal case was pending, he still had to bring them within the limitations period. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (where § 1983 claims involve issues that cannot be litigated because the litigation would interfere with the criminal proceedings, a district court may stay the § 1983 case until the criminal case ends). Only where the § 1983 litigant was convicted and success on his claim for damages would necessarily imply his conviction was invalid is the limitations period tolled. *See Wallace*, 549 U.S. 393-94; *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010); *Gakuba*, 711 F.3d at 753 (the bar established in *Heck* "does not apply absent a conviction").

Accordingly, Hilliard's false arrest and illegal search claims, which accrued in 2014 more than four years before he filed this suit, are time-barred. Although "the statute of limitations . . . [is] an affirmative defense . . ., a complaint may be subject to dismissal [at the pleading stage] when an affirmative defense . . . appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (an affirmative defense can support dismissal of a suit at the pleading stage "if it is so plain from the language of the complaint").

Hilliard's claim that he was wrongfully incarcerated for murder for several years, however, is timely. *See Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669 (7th Cir. 2018) (referred to as "*Manuel II*" since it was the Seventh Circuit's decision following remand from the Supreme Court). A Fourth Amendment claim of a detention unsupported by probable cause accrues when the detention ends. *Id.* Though timely, this claim is without merit since Hilliard's incarceration was also based on his charge of unlawful use of a weapon.

The Fourth Amendment claim is based on unlawful *detention* (*i.e.*, incarcerating an individual without probable cause); it is not based on wrongful *prosecution* (*i.e.*, bringing charges against and trying him). *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 917-19 (2017). "[T]here is no such thing as a constitutional right not to be prosecuted without probable cause." *Manuell II*, 903 F.3d at 670 (quoting *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013)). "[A] Fourth Amendment claim for wrongful pretrial detention is concerned with 'the *detention* rather than the existence of criminal charges.'" *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019) (emphasis added) (quoting *Manuel II*, 903 F.3d at 670). Hilliard's constitutional claim thus requires him to prove that he was "held in custody without probable cause." *Manuel II*, 903 F.3d at 670.

Hilliard's amended complaint alleges there was insufficient probable cause to detain him for murder (he contends the only witness that implicated him was Carl Allen, who was underage when questioned by officers and who was later found not credible at Hilliard's trial). But even assuming that he is correct in that he regard, his unlawful detention claim fails because he asserts no allegations challenging the lawfulness of his detention based on his unlawful use of a weapon charge, for which he was also detained without bond. "A person can't be seized while seized any more than he can jump while jumping. He's either seized or not; he isn't extra seized." *Swanigan v. City of Chicago*, 881 F.3d 577, 584 (7th Cir. 2018); *Curry v. Yachera*, 835 F.3d 373, 380 (3d Cir. 2016) (where an individual was incarcerated following the arrest for one offense, then later charged with a different offense and the second charge was dropped—all while the individual was still incarcerated for the first charge, there is no Fourth Amendment violation since the second charge "never deprived [the individual] of his liberty") (collecting cases from other circuits).

Hilliard's amended complaint thus asserts no valid, timely constitutional claims about his murder case. He may have a state-law malicious prosecution claim for the murder charge, which involves: (1) the commencement or continuation of criminal proceeding, (2) the termination of the proceeding in his favor, (3) the absence of probable cause, (4) the presence of malice, and (5) damages resulting from the prosecution. *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (1996); *see also Walker v. White*, No. 16 CV 7024, 2017 WL 2653078, at *5 (N.D. Ill. June

20, 2017). Although Hilliard's amended compliant suggests he wants to pursue a state malicious prosecution claim, *see* Dkt. 6, pg. 10 and 12 (he says he seeks to pursue claims under both federal and state law), a state-law malicious prosecution claim by itself does not support a federal cause of action. Accordingly, the Court dismisses this case without prejudice to Hilliard bringing his malicious prosecution claim in state court. *See RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (when a federal court dismisses all federal claims, but state-law claims remain, the federal court should dismiss the state-law claim without prejudice to it being brought in state court); 735 ILCS § 5/13-217 (a litigant may refile a state-law claim dismissed by a federal court for lack of jurisdiction within one year after the dismissal or within the limitations period, whichever is later).

For the reasons stated above, Hilliard presents no federal claims on which this Court can grant relief. To the extent he has state-law claims, he may seek to bring those claims in state court. His case in this Court is dismissed. If Hillard seeks to appeal this order, he must file a notice of appeal in this Court within 30 days of this order. If he files a notice of appeal, he will be liable for the $505 appellate filing fee. If he cannot prepay the fee, he may again seek to proceed *in forma pauperis* (IFP) by filing another IFP application in this Court to pay the fee with monthly deductions from his jail trust account. If he seeks to appeal, he must state the issues he intends to raise on appeal. *See* 28 U.S.C. § 1915(a)(3). If Hilliard wants to challenge this order and seeks reconsideration by this Court, he may file a motion for relief from judgment under either a Federal Rule of Civil Procedure 59(e) or 60(b).

Date: 6/10/2019　　　　　　　　　　　　/s/   John J. Tharp, Jr.
　　　　　　　　　　　　　　　　　　　John J. Tharp, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge